IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| DR. MARLA FAITH CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:20-cv-744-HEH |
| | ) |
| MARK HERRING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
### (Granting Motion to Dismiss and Denying Plaintiff's Motion as Moot)

This matter is before the Court on Attorney General Mark Herring ("Mr. Herring") and Assistant Attorney General Susan Williams's ("Ms. Williams," collectively "Defendants") Motion to Dismiss filed on October 27, 2020. (ECF No. 5.)[1] On September 22, 2020, Dr. Marla Faith Crawford (*pro se* "Plaintiff") filed a Complaint, claiming that Defendants violated her civil rights pursuant to 42 U.S.C. § 1983. (Compl. ¶ II.B., ECF No. 1.) Defendants allege that Plaintiff failed to state a claim upon which relief can be granted as Plaintiff's claims are time-barred. The parties have submitted memoranda in support of their respective positions, and the Motion is now ripe for the Court's review. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument

---

[1] Plaintiff filed a Motion to Strike on December 10, 2020 (ECF No. 12), however, as the Court will grant the Motion to Dismiss, the Motion for Strike will be denied as moot.

will not aid in the decisional process. *See* E.D. Va Local Civ. Rule 12.7(J). For the reasons stated below, the Motion to Dismiss will be granted.

On January 31, 2018, Plaintiff was involved in an altercation at Colonial Trail Elementary School in Henrico County. Plaintiff is not a parent to any student at the school, but accompanied by Kandise Lucas ("Ms. Lucas"), she provided support to a parent who was seeking to have their child be readmitted to the school. (ECF No. 7, Ex. 2 at 12–37.) Plaintiff and Ms. Lucas confronted school officials in the main entryway of the school, demanding that the child be readmitted. (*Id.*) The disturbance resulted in the school issuing a temporary "lockdown" to keep all the students inside the classrooms. (*Id.* at 93–95.) After lifting the lockdown, the school staff blocked off the front entrance of the school to shield students and parents from the commotion Plaintiff and Ms. Lucas caused. (*Id.* at 30–35.) After refusing to obey the school staff and police's instructions to leave the premises, Plaintiff and Ms. Lucas were arrested for trespassing. (*Id.* at 59–74; *see also* Resp. Opp'n, ECF No. 10.)

Plaintiff subpoenaed three Virginia Department of Education ("VDOE") employees to testify at her trial on the trespassing charge. (Compl. ¶ III.C.) These subpoenas were quashed through a motion by Ms. Williams, acting in her capacity as Assistant Attorney General in the Education Division Section of the Health, Education and Social Services Division of the Office of the Attorney General. (*Id.* ¶ II.B.) On April 26, 2018, Plaintiff was tried and found guilty of trespassing in Henrico County General District Court. (*Id.* ¶ III.C.) Plaintiff faults the quashed subpoenas and a police officer's allegedly false testimony for her conviction. (*Id.*) Plaintiff appealed her

conviction to the Henrico County Circuit Court and was found not guilty on September 26, 2018. (ECF No. 7, Ex. 3 at 5–6.) More than two years later, Plaintiff filed a § 1983 Complaint for a Violation of Civil Rights against Mr. Herring and Ms. Williams on September 22, 2020, alleging that Defendants violated her due process and equal protection rights as well as the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act ("ADA"). (*Id.* ¶ II.B.)

"In reviewing a motion to dismiss for failure to state a claim, [a court] must 'accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). A motion under Federal Rule of Civil Procedure 12(b)(6) "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray*, 948 F.3d at 226 (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*,

3

556 U.S. at 679). A court, however, "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

The Court also acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

When reviewing a Rule 12(b)(6) motion, the Court "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred," however, the Court may consider an affirmative defense when there are sufficient facts alleged in the complaint to address the issues raised. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). In their Motion to Dismiss, Defendants assert that Plaintiff's claims are time-barred because the statutes of limitations on the underlying claims have expired. The Court agrees with Defendants that Plaintiff's suit is time-barred, and therefore, the Motion will be granted.

First, Plaintiff's due process and equal protection claims brought pursuant to § 1983 are barred because federal courts adopt the statute of limitations period for state personal injury claims. In *Wilson v. Garcia*, the Supreme Court held that, as Congress did not set forth a statute of limitations period, § 1983 claims are uniformly treated as personal injury claims for statute of limitation purposes, regardless of the underlying constitutional issue. 471 U.S. 261, 280 (1985); *see also Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991) (§ 1983 claims); *Al–Amin v. Shear*, 325 F. App'x. 190, 193 n.2 (4th Cir. 2009) (equal protection claims). Consequently, federal courts turn to state law to determine the applicable statute of limitations period. *Owens v. Okure*, 488 U.S. 235, 241–42 (1989) (stating that federal courts should apply a state's personal injury statute of limitations for a § 1983 claim). The statute of limitations for § 1983 claims begins to run when a plaintiff knows or has reason to know of his injury. *Wallace v. Keto*, 549 U.S. 384, 391–92 (2007).

Here, the alleged constitutional violation took place in Virginia, and, under Virginia law, the statute of limitations for a personal injury action is two years. Va. Code Ann. § 8.01-243. Thus, the relevant statute of limitations period is two years. *See id.*; *see also Owens*, 488 U.S. at 241–42. Plaintiff filed her Complaint on September 22, 2020. Plaintiff claims her rights were violated when Ms. Williams's motions precluded her from calling certain witnesses at her state court trial. (Compl. ¶ III.C.) Ms. Williams filed the motions to quash Plaintiff's subpoenas on April 25, 2018, which the court granted. (*Id.*) The trial occurred the next day, and Plaintiff was convicted of trespassing. (*Id.*) Therefore, to comply with the two-year statute of limitations for her due process

5

and equal protection claims, Plaintiff was required to file her Complaint by April 26, 2020.

However, Plaintiff argues that her § 1983 claims are in fact malicious prosecution claims, and the statute of limitations for the claims does not accrue until "the last disposition of the conviction occurs." (Resp. Opp'n 2.) The Fourth Circuit held that a "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000). A plaintiff must allege "that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Conspicuously absent from Plaintiff's Complaint is any assertion that she was maliciously prosecuted. Although Plaintiff has satisfied the third element—she was found not guilty of the trespassing charge—Plaintiff has not plausibly demonstrated that Defendants caused her seizure or that her arrest lacked probable cause. (Compl. ¶ III.C.) Therefore, as Plaintiff has not properly alleged a malicious prosecution claim, her § 1983 claims are time-barred, as discussed above.[2]

Additionally, Plaintiff's claims under the IDEA, the Rehabilitation Act, and the ADA are also barred by the statute of limitations. The Fourth Circuit has "recognize[d]

---

[2] Plaintiff cites *Heck v. Humphrey*, 512 U.S. 477 (1994) to support her claim that her § 1983 malicious prosecution claim did not accrue until after the appeal. (Resp. Opp'n 2.) As Plaintiff has not successfully stated a malicious prosecution claim, *Heck* is not controlling.

that we must choose the limitations period for the state cause of action most analogous to the federal cause of action." *Schimmel ex rel. Schimmel v. Spillane*, 819 F.2d 477, 480–81 (4th Cir. 1987). In *Manning ex rel. Manning v. Fairfax County School Board*, the Fourth Circuit established that Virginia Code § 8.01-248 provides the statute of limitations for IDEA claims. 176 F.3d 235, 237–38 (4th Cir. 1999). Section 8.01-248 currently provides a two-year time period to bring a claim. "An IDEA claim accrues 'when the parents know of the injury or the event that is the basis for their claim.'" *R.R. ex rel. R. v. Fairfax Cty. Sch. Bd.*, 338 F.3d 325, 332 (4th Cir. 2003) (quoting *Richards v. Fairfax Cty. Sch. Bd.*, 798 F. Supp. 338, 341 (E.D. Va. 1992), *aff'd* 7 F.3d 225 (4th Cir. 1993)). Assuming Plaintiff could bring an IDEA claim,[3] the events of April 25, 2018 and April 26, 2018 form the basis for her IDEA claims. Under the two-year statute of limitations, she was required to file her Complaint no later than April 26, 2020. As she failed to file by this date, her claims under the IDEA are barred.

Lastly, Plaintiff's claims under the Rehabilitation Act and the ADA are also barred by a one-year statute of limitations period. In *A Society Without a Name v. Virginia*, the Fourth Circuit found the applicable statute of limitations period for the Rehabilitation Act and the ADA was one year. 655 F.3d 342, 347 (4th Cir. 2011) (concluding that the Virginia Disabilities Act's one-year statute of limitation applies to the Rehabilitation Act

---

[3] The IDEA protects children with disabilities and ensures that they are afforded a free and public education. *Sellers ex rel. Sellers v. Sch. Bd. of City of Manassas, Va.*, 141 F.3d 524, 527 (4th Cir. 1998). Plaintiff has not alleged that she is a child with a disability or a parent of a disabled child. (*See* Compl. ¶¶ II.B., III. C.) Thus, even if Plaintiff's Complaint was timely filed, she does not have standing to bring an IDEA claim.

7

and the ADA because it is the most comparable state statute). These claims accrue when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Id.* at 348 (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). Even if Plaintiff stated a claim under either the Rehabilitation Act or the ADA,[4] these claims also originate from the events of April 25, 2018 and April 26, 2018. Thus, Plaintiff was required to file her complaint by April 26, 2019, which she failed to do, and her Rehabilitation Act and ADA violation claims are time-barred.

In sum, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Complaint was filed after the statute of limitations ran. Accordingly, Defendants' Motion to Dismiss (ECF No. 5) will be granted, Plaintiff's Complaint will be dismissed with prejudice, and the Motion to Strike (ECF No. 12) will be denied as moot.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: July 16, 2021
Richmond, Virginia

---

[4] Plaintiff's Complaint is devoid of any allegation that she is disabled and experienced discrimination or was denied a reasonable accommodation for a disability. *See* Compl. ¶¶ II.B., III. C.; 29 U.S.C. § 794(a); 42 U.S.C. § 12132. Thus, even if properly filed, she fails to state a claim under either the Rehabilitation Act or the ADA.

8